UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:06-CV-96 TS |
| vs. | ) |
| | ) |
| JAMES HERMAN, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Clarence Sanders, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Sanders alleges that jail staff opened thirteen greeting cards from his fiancé outside of his presence and placed them with his other secured personal property over roughly forty days in February and March. He states that he first complained about the missing cards on March 20th and that three days later he was given access to them along with an apology. Two recent letters from Mr. Sanders indicate that these were isolated events and that they have not continued to occur.

Mr. Sanders alleges that it was wrong for the jail to open his mail.

> Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.

*Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citations omitted). Greeting cards from his fiancé are not legal mail and, therefore, Mr. Sanders's constitutional rights were not violated when the jail officials opened them outside of his presence.

It is reasonable to infer that Mr. Sanders is also alleging a cause of action based on the delay in receiving the greeting cards. Though the delay did extend for roughly forty days, it was corrected within a few days once he began inquiring about the cards. Mr. Sanders received an apology, and he has indicated that delays have not continued to occur.

> [M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment.

*Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citation omitted). It was clearly an error for the jail to withhold the greeting cards. Nevertheless, it is not an error of constitutional magnitude and it does not state a claim for which relief can be granted in this court.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 1, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT